**2111-CC01032**

## IN THE CIRCUIT COURT OF CITY OF ST. CHARLES, MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **CHRISTAL LUCUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **EUROFINS PHARMA BIOANALYTICS** | ) | |
| **SERVICES US, INC.** | ) | |
| **Serve:** | ) | **JURY TRIAL DEMANDED** |
| **National Corporate Research, Ltd.** | ) | |
| **9666 Olive Blvd.** | ) | |
| **Suite 690** | ) | |
| **St. Louis, MO 63132** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S PETITION FOR
### VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT, THE EQUAL PAY ACT, TITLE VII OF THE CIVIL RIGHTS ACT, THE AMERICANS WITH DISABILITIES ACT AND THE FAMILY MEDICAL LEAVE ACT

COMES NOW, Plaintiff Christal Lucus, by and through her attorneys, and for her Petition for Violations of the Missouri Human Rights Act, against Defendant Eurofins Pharma Bioanalytics Services US, Inc. (Defendant Eurofins), states:

### JURISDICTION AND PARTIES

1.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in the St. Charles County, Missouri.

2.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA)

3.      Plaintiff Christal Lucus timely filed charges of discrimination with the EEOC, Charge number which was dually filed with the Missouri Commission on Human Rights.

1

4.      Plaintiff Christal Lucus was issued a Notice of Right to Sue from the Missouri Commission on Human Rights

5.      Plaintiff Christal Lucus is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

6.      Defendant Eurofins is a corporation that at all relevant times herein conducted business within the Saint Charles County, Missouri.

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff began working at Eurofins on December 4, 2019 in the position of Data Management Administrator.

8.      Plaintiff is a female.

9.      Eurofins paid her $15 per hour when she started.

10.     There were three data admins when she started including herself, one male and one female.

11.     The other female data admin was terminated and the male data admin quit.

12.     Two new data admins were hired.

13.     Plaintiff learned that the male data admins were paid $20.50 per hour while Plaintiff was paid $15.00 per hour.

14.     The two data admins were laid off.

15.     Eurofins assigned Plaintiff to do the work of three data admins in May 2020.

16.     Plaintiff complained to her boss that she was underpaid versus what the male data admins were paid.

17.     Bo Kowalczyk, the Senior VP, said that he did not feel the position was worth as much as Plaintiff was asking.

2

18.     Eurofins eventually agreed to raise Plaintiff's pay to $19.00 per hour around June of 2020, which was still less than the male data admins made.

19.     Plaintiff sent Bo Kowalczyk and Senior HR Specialist Samantha May 2020 an email questioning why she was not paid an equal amount as the previous males, particularly since she was doing the work of three data administrators and they were only doing the work of one.

20.     Bo Kowalczyk said he was "troubled" by the email.

21.     Eurofins management held a telephone conference with Plaintiff on January 21, 2021, in which they argued that Plaintiff was paid more than the previous male data admins.

22.     Plaintiff know their statements were false because Plaintiff was given a copy of a paystub from a previous data analysist showing he made $20.50 per hour.

23.     Plaintiff is disabled in that she has a physical impairment that substantially limits her major life activity of reproductive function.

24.     Plaintiff had discussed her condition with Eurofins manager Janie Hubbard.

25.     Plaintiff is also disabled in that she has a mental impairment that substantially limits her major life activities of sleeping, concentrating, thinking, and working.

26.     Plaintiff need to receive medical treatment and occasionally take leave for her disabilities.

27.     Eurofins management harassed Plaintiff because she missed work due to her disabilities.

28.     Eurofins management discouraged Plaintiff from taking additional leave for her disabilities.

29.     Eurofins refused to accommodate Plaintiff's disabilities.

3

30.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission on or about January 22, 2021 which was dually filed with the Missouri Commission on Human Rights.

31.     In February 2021, Plaintiff had to go to the hospital to treat her disability.

32.     Defendant issued Plaintiff a "Final Written Warning" on or about February 24, 2021

33.     Bo Kowalczyk and Tina Otterness from HR terminated Plaintiff on April 1, 2021. Eurofins terminated Plaintiff because of her gender, her disability and in retaliation for her complaints of discrimination including filing a charge of discrimination.

34.     Eurofins purported reason for termination was pretext for discriminatory and retaliatory intent.

35.     Eurofins Bioanalytics has discriminated against Plaintiff because of her gender and because of her disability and in retaliation for her complaints of discrimination and filing a charge of discrimination.

36.     Eurofins Bioanalytics has a pattern and practice of terminating and otherwise discriminating against disabled persons and women who work for them and of retaliating against persons who complain of discrimination including filing Charges of Discrimination with the EEOC and MCHR.

37.     Eurofins Bioanalytics has knowingly and intentionally discriminated against Plaintiff, and other women and disabled persons because of their disabilities and gender resulting in both disparate treatment and disparate impact.

4

38.     Eurofins Bioanalytics has retaliated against Plaintiff and other persons complaining about discrimination for their complaints of discrimination including the filing of Charges of Discrimination with the EEOC and MCHR.

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT: DISCRIMINATION

39.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

40.     This count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

41.     At all relevant times herein, the Defendant was an employer as defined by the MHRA.

42.     Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

43.     Defendant discriminated against, and terminated Plaintiff because of her gender and disability, including, but not limited to:

a.   Having her perform more tasks than male workers,

b.   Paying Plaintiff less than similarly situated male workers,

c.   Refusing to accommodate Plaintiff's disability,

d.   Harassing Plaintiff,

e.   Issuing Plaintiff a final written warning,

f.   Terminating Plaintiff.

44.     Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her gender and disability.

45.     Defendant discharged and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her gender and disability.

46.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

47.     The Defendant took discriminatory actions towards the Plaintiff in regards to her job duties and by treating white employees more favorable, because of her gender and disability.

48.     The Defendant, by their actions and failures to act, including but not limited to those described above, have consistently discriminated against the Plaintiff on account of her gender and disability on a continuing basis, since December 4, 2019 to the date Defendant unlawfully terminated Plaintiff's on April 1, 2021, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

49.     The Defendant, by their actions and failures to act, including but not limited to those described above, have consistently discriminated against their employees on account of their race, color on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

50.     Plaintiff's gender and disability were a contributing and motivating factor and the exclusive cause in Defendant's discriminatory actions against her including her termination.

51.     Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

52.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

53.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

54.     The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

7

## COUNT II – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT: RETALIATION

55.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

56.     Defendant retaliated against Plaintiff because her complaints of discrimination, including, but not limited to:

      a.   Having her perform more tasks than male workers,

      b.   Paying Plaintiff less than similarly situated male workers,

      c.   Refusing to accommodate Plaintiff's disability,

      d.   Harassing Plaintiff,

      e.   Issuing Plaintiff a final written warning,

      f.   Terminating Plaintiff.

57.     The Defendant took discriminatory actions towards the Plaintiff in regard to her job duties, by retaliating against the Plaintiff because of her complaints of discrimination.

58.     The Defendant actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

59.     The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her complaints of discrimination.

60.     The Defendant discharged and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her complaints of discrimination.

8

61.     The Defendant retaliated and discriminated against Plaintiff because she opposed practices prohibited by Chapter 213 R.S.Mo. and/or because she filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

62.     Plaintiff's complaints of discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against her including her termination.

63.     Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

64.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

65.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

66.     The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay,

9

compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT III - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E

67.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

68.     Plaintiff is a woman.

69.     Plaintiff is an "employee" as the term is defined at 42 U.S.C. § 2000e(f).

70.     Defendant Eurofins is an "employer" as the term is defined at 42 U.S.C. § 2000e(b).

71.     Defendant Eurofins discriminated against Plaintiff with respect to the terms and conditions of her employment, including but not limited to gender and wage discrimination as further set forth above, and subjected her to a hostile work environment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964.

72.     As a proximate result of Defendant's violation of Title VII, Plaintiff has suffered and will suffer injuries and damages, including but not limited to mental and emotional distress,

fear, anguish, humiliation, embarrassment, lost wages and benefits, and other emoluments of employment.

73.    The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

74.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

75.    The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

76.    Defendant acted with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT IV- RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF

## 1964, 42 U.S.C. § 2000E

77.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

78.     Plaintiff is a "person" and an "employee," as defined at 42 U.S.C. § 2000e-2, et seq.

79.     Defendant is an "employer" and a "covered entity" as those terms are defined at 42 U.S.C. § 2000e-2, et seq.

80.     Plaintiff engaged in protected activity when she disclosed to Defendant that it had discriminated against her because of her gender, by its failure to pay her equal pay and because she filed a charge of discrimination.

81.     Defendant retaliated against Plaintiff because her complaints of discrimination, including, but not limited to:

     a.   Having her perform more tasks than male workers,

     b.   Paying Plaintiff less than similarly situated male workers,

     c.   Refusing to accommodate Plaintiff's disability,

     d.   Harassing Plaintiff,

     e.   Issuing Plaintiff a final written warning,

     f.   Terminating Plaintiff.

82.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

12

83.     The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT V -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT - DISCRIMINATION

84.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

85.     Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990.

86.     The Plaintiff's disabilities inhibit major life activities including working.

87.     The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

88.     At all relevant times herein, the Defendant was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

89.     Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

       a.  Treating Plaintiff differently than similarly situated individuals because of her disability;

       b.  Failing to accommodate Plaintiff's disability including refusing to grant reasonable medical leave;

       c.  Interfering with Plaintiff's attempts to take medical leave;

       d.  Assigning plaintiff to less desirable assignments;

       e.  Assigning plaintiff to more difficult assignments;

       f.  Harassing Plaintiff; and,

       g.  Terminating Plaintiff's employment.

90.     As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

91.     Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

92.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

93.    The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT VI -- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT - RETALIATION

94.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

95.     Plaintiff exercised her tights under under the Americans with Disabilities Act of 1990.

96.     Plaintiff complained that she was being discriminated against for being disabled in violation of the Americans with Disabilities Act.

97.     Defendant discriminated against and retaliated against Plaintiff because she exercised her rights under the Americans with Disabilities Act and complained of discrimination, in violation of 42 U.S. Code § 12203, by practices including but not limited to the following:

    a.   Treating Plaintiff differently than similarly situated individuals because of her disability;

    b.   Failing to accommodate Plaintiff's disability including refusing to grant reasonable medical leave;

    c.   Interfering with Plaintiff's attempts to take medical leave;

    d.   Assigning plaintiff to less desirable assignments;

    e.   Assigning plaintiff to more difficult assignments;

    f.   Harassing Plaintiff; and,

    g.   Terminating Plaintiff's employment.

98.     As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

99.     Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

100.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

101.    The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff Christal Lucus pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Eurofins Pharma Bioanalytics Services US, Inc. has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination and retaliation with interest thereon and fringe benefits, reinstatement, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; that interest be awarded on all amounts; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT VII - VIOLATION OF THE EQUAL PAY ACT

102.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

103.    This count is brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

104.    At all times relevant to this lawsuit, Defendant Eurofins discriminated against Plaintiff on the basis of sex by paying Plaintiff lower wages than Defendant Eurofins paid/pays to male employees for equal work on jobs, the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of 29 U.S.C. § 206(d), the Equal Pay Act.

105.    Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to recover the difference between the wages Plaintiff was earning and the wages being earned by her male counterparts and an additional equal amount as liquidated damages. Plaintiff is also entitled to recover reasonable attorneys' fees and the costs of this action.

106.    Defendant Eurofins's violation of the Equal Pay Act was willful, entitling Plaintiffs to recover damages for three years before the date that this action was commenced pursuant to 29 U.S.C. § 255(a).

WHEREFORE, Plaintiff Christal Lucus, respectfully request that this Court enter judgment against Defendant Eurofins Pharma Bioanalytics Services US, Inc., in an amount equal to the difference between the wages paid to Plaintiff and the wages paid to male employees performing equal work, together with interest and an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and other such relief the Court may deem just and proper.

## COUNT VIII – RETALIATION UNDER THE EQUAL PAY ACT/FAIR LABOR STANDARDS ACT

107.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

108.    Plaintiff is an "employee" as the terms are defined in 29 U.S.C. § 203(e)(2)(ii).

109.    Defendant is an "employer" as the term is defined at 29 U.S.C. § 203(d).

110.    The EPA is a part of the FLSA, as amended, and uses the FLSA enforcement scheme, 29 U.S.C. § 206(d)(3).

111.    The FLSA anti-retaliation provision applies when an employee engages in protected conduct under the EPA.

112.    Plaintiff engaged in protected activity when she disclosed to Eurofins that it had had willfully and systematically paid Plaintiff less than her male colleagues.

113.    Defendant retaliated against Plaintiff when it issued her a final warning and by terminating her.

114.    Plaintiff sustained substantial monetary and non-monetary damages as the result of Eurofins's illegal conduct.

115.    Plaintiff demands such legal or equitable relief as will effectuate the purposes of the FLSA, including, but not limited to economic damages (including accrual of back pay and front pay), liquidated damages, attorneys' fees and costs of this action, equitable relief (including appropriate affirmative action and injunctive relief), and any other relief this Court deems just and equitable.

19

## COUNT IX – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE WITH EXERCISE OF RIGHTS, 29 U.S. Code § 2615(a)(1)

116.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

117.    This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

118.    Defendant intentionally engaged in unlawful employment practices in violation of FMLA, including interfering with the Plaintiff's exercise of her rights under the FMLA, by practices including but not limited to the following:

   a.   Refusing to grant Plaintiff adequate medical leave;

   b.   Harassing Plaintiff because she missed work due to her disabilities.

   c.   discouraging Plaintiff from taking additional leave for her disabilities.

   d.   Terminating Plaintiff

119.    Defendants subjected Plaintiff to a hostile work environment due to her requests for medical leave, complaints regarding the harassment and violations of her rights under the FMLA.

120.    Defendant acted with malice and reckless indifference to the rights of Plaintiff.


WHEREFORE, Plaintiff Christal Lucus prays this honorable court enter Judgment against Defendant Eurofins Pharma Bioanalytics Services US, Inc., and in favor of Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00,

for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT X – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT – DISCRIMINATION, 29 U.S. Code § 2615(a)(2)

121.    Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

122.    This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

123.    Defendant intentionally engaged in unlawful employment practices in violation of FMLA,  by retaliating against Plaintiff for exercising her rights under the FMLA and opposing the defendants denials of her rights, by practices including but not limited to the following:

    a.   Refusing to grant Plaintiff adequate medical leave;

    b.   Harassing Plaintiff because she missed work due to her disabilities.

    c.   discouraging Plaintiff from taking additional leave for her disabilities.

    d.   Terminating Plaintiff

124.    Defendants subjected Plaintiff to a hostile work environment due to her requests for medical leave, complaints regarding the harassment and violations of her rights under the FMLA.

125.    Defendant acted with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff Christal Lucus prays this honorable court enter Judgment against Defendant Eurofins Pharma Bioanalytics Services US, Inc., and in favor of Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*